JOHN A. SODIPO
(Connecticut Bar No. 422954)
LAW OFFICES OF JACOBS & SODIPO
120 Oxford Street
Hartford, CT 06105
Tel: 860-233-2245
Email: john@jacobssodipo.com
Appearing Pro Hac Vice

Owen Riki Onouye (SBN 174580)
Global Energy Law Group, PC
5901 W. Century Blvd., Suite 705
Los Angeles, CA 90045
Tel: 310-348-2969

Michael R. White (SBN 91148)
WHITE & REED LLP
5757 W. Century Blvd., Suite 700
Los Angeles, CA 90045
Tel: 310-843-9065
Email: white@whitereed.com

Attorneys for Plaintiffs INNOVATE1 SERVICES INC. AND ANTHONY NWACHUKWU

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| INNOVATE1 SERVICES INC., ANTHONY NWACHUKWU<br><br>Plaintiffs,<br>vs.<br><br>FIRST BRIDGE MERCHANT SOLUTIONS, LLC, MAR GEOLINA, RYAN RAINEY, BANK DOE, BAK DOE 2. BANK DOE 3<br><br>Defendants. | Case No.: 2:20-cv-07681-SB-AGR<br><br>*Assigned for All Purposes to:*<br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF JOHN SODIPO IN RESPONSE TO ORDER TO SHOWTO SHOW CAUSE** |

**DECLARATION OF JOHN SODIPO IN RESPONSE TO ORDER TO SHOW CAUSE**
1

# LEGAL STANDARD

### A. Local Rule 180

Local Rule 180 governs the admission of attorneys to practice pro hac vice in this Court. Pursuant to Local Rule 180(b)(2), "Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice [pro hac vice] if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California."

L.R. 180(b)(2). Additionally, Local Rule 180(e) incorporates and adopts the standards of professional conduct of the State of California as standards of professional conduct in this Court. Every member of the Bar of this Court and any attorney permitted to practice pro hac vice is required to "become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto[.]" Id. at 180(e).

The Court may order any person who practices before it in violation of Local Rule 180 to pay an appropriate penalty to the Court's Nonappropriated Fund as an additional condition of admission or reinstatement to the Bar of this Court or to practice in this Court. L.R. 180(d). Local Rule 110 further provides that counsel or a party's failure to comply with the Local Rules or with any order of the Court may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court. Id. at 110; see also id. at 180(d). It is axiomatic that the Court has authority to enforce its local rules. See 28 U.S.C. § 2071. A district court's compliance with local rules is reviewed for abuse of discretion, and broad deference is given to a district court's interpretation of its local rules. *Bias v. Moynihan*, 508 F.3d 1212,

1223 (9th Cir. 2007).

"Pro hac vice counsel, once admitted, are entitled to notice and an opportunity to respond before being disqualified and having their status revoked." *Cole v. U.S. Dist. Court For Dist. of Idaho*, 366 F.3d 813, 822 (9th Cir. 2004); see also *Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th Cir. 2005) (Court may revoke pro hac vice status following notice and an opportunity to respond); *Curtis,* 2014 U.S. Dist. LEXIS 124447, 2014 WL 4417741, at *4 (Court has discretion to revoke pro hac vice status). However, "there is no fundamental right to appear pro hac vice." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999), aff'd, 229 F.3d 1226 (9th Cir. 2000) (citing *Leis v. Flynt*, 439 U.S. 438, 443, 99 S. Ct. 698, 58 L. Ed. 2d 717 (1979).) A district court's revocation of pro hac vice status falls within "the scope of the inherent power of the federal courts" because "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)); see also *Baker v. Cottrell, Inc.,* 2017 U.S. Dist. LEXIS 129074, 2017 WL 3479004, at *3 (E.D. Cal. Aug. 14, 2017) ("When a district court admits an attorney pro hac vice, the attorney is expected to follow local rules.") (quoting In re *Bundy*, 840 F.3d 1034, 1047 (9th Cir. 2016), subsequent mandamus proceeding, 852 F.3d 945 (9th Cir. 2017)).

The phrase pro hac vice "usually refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case." *Curtis,* 2014 U.S. Dist. LEXIS 124447, 2014 WL 4417741, at *4; *Eagle Ins. Co. v. Johnson*, 982 F.Supp. 1456, 1459 (M.D. Ala. 1997) (citation omitted), aff'd, 162 F.3d 98 (11th Cir.1998). The Supreme Court has described pro hac vice attorneys as "[o]ne-time or occasional practitioners...." *Frazier,* 482 U.S. at 647. Absent a properly admitted pro hac vice

applicant, an attorney may be engaging in the unauthorized practice of law. Cal. Bus. & Prof. Code § 6125 ("No person shall practice law in California unless the person is an active member of the State Bar.") The Supreme Court has explained that the "interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S. Ct. 2004, 44 L. Ed. 2d 572 (1975); see *Gerhard v. Stephens*, 68 Cal.2d 864, 918, 69 Cal. Rptr. 612, 442 P.2d 692 (1968) (California prohibits the unauthorized practice of law in order "to afford protection against persons who are not qualified to practice the profession."). "California has a substantial interest in regulating the legal profession and the attorneys who practice within the state." *Curtis v. BCI Coca-Cola Enters. Bottling Cos.*, 2014 U.S. Dist. LEXIS 124447, 2014 WL 4417741, at *4 (E.D. Cal. Sept. 5, 2014).

## DECLARATION OF JOHN SODIPO

I, John Sodipo, lead counsel for Plaintiffs Innovate1 Services, Inc. and Anthony Nwachukwu, offer the following declaration in response to the Court's Order to Show Cause why sanctions should not be assessed. I make this declaration under the pains and penalties of perjury:

While there was a calendaring mistake and I apologize to the Court, its staff, and fellow counsel, it is not my fault and I do not believe that it rises to the level of revocation of my pro hac vice status and, or sanctions.

1. This is a case that was initially filed in the U.S. District Court of Connecticut by the undersigned on or about July 22, 2019.

2. The Defendants filed a motion to transfer the venue to which the plaintiffs objected on or about October 4, 2019.

3. On or about August 13, 2020, the Court entered its decision and transferred the case to the U.S. District of Central California.

4. On or about November 12, 2020, this honorable Court issued an Order to Show Cause (Docket No. 55) regarding my failure to comply with the local rules and for a lack of candor.

5. Regarding the Court's first Show Cause Order, the undersigned responded that it was duly noted by accepting full responsibility and proposing to hire a local attorney to help guide the case especially given the fact that Attorney Onouye was extremely busy and constantly traveling due to his obligations to his clients.

6. On or about November 23, 2020 the Court discharged the Order to Show Cause (Docket No. 57). Part of the Court's orders was that Attorney Sodipo was to file any other motions under his own CM/ECF account.

7. The undersigned later retained the services of Attorney Michael White of White & Reed LLP as local counsel in this case.

8. On or about March 15, 2021, the Court issued a second Order to Show Cause (Docket No. 73) regarding my failure to obey the Court's previous Order to file documents under my own CM/ECF account.

9. After this honorable Court's Order, on or about January 5, 2021, I made several attempts to rectify the connectivity/access issue with PACER.

10. Unfortunately, the second Order to Show Cause was not a dereliction of duty, but a technical difficulty beyond my control. In hindsight I should have been noted in the

**DECLARATION OF JOHN SODIPO IN RESPONSE TO ORDER TO SHOW CAUSE**
**5**

response that I filed under Attorney Onouye's CM/ECF account given that I was the undersigned, the technical difficulties that forced me to file under Attorney Onouye's CM/ECF account. It was a filing deadline and I believed I had no other option as I did not want to violate local rule.

11. It was not until March 16, 2021 that Ms. Sinclair, a paralegal at our office was able to contact PACER and she resolved the issue through PACER on March 18, 2021.

12. On or about April 10, 2021 the Court discharged the Order to Show Cause (Docket No. 85).

13. The parties conferred regarding the Joint Rule 26(f) Report. It was made known to opposing counsel that both Attorney White and I were splitting our duties. The undersigned took the responsibility as to the Joint Rule 26(f) Report while Attorney White took the responsibility of drafting the Fourth Amended Complaint.

14. The Fourth Amended Complaint was filed on April 2, 2021 (Docket No. 79).

15. All the parties conferred in a timely manner regarding the Fourth Amended Complaint.

16. On or about April 15, 2021, Defendants filed a motion to dismiss the Plaintiffs Fourth Amended Complaint (Docket No. 86).

17. The Plaintiffs' counsel of record notably the undersigned and Attorney White had decided that Attorney White would file the Plaintiffs' objection to the motion to dismiss the Fourth Amended Complaint. Unfortunately, Attorney White had erroneously calendared the date by which he had to file the objection to the motion to dismiss a week later than when it was due. Due to an unexpected hectic schedule, he asked the

undersigned to file the objection to the motion to dismiss. I used the timeline that he calendared.

18. On or about April 30, 2021, Plaintiffs filed an objection to the Defendants motion to dismiss (Docket No. 87).

19. On or about May 6, 2021, the Court issued a third Order to Show Cause (Docket No. 89) regarding my failure to obey Court rules.

20. I have been the counsel of record for the Plaintiffs since the inception of this case in Connecticut. I have represented and continue to represent the Plaintiffs in several jurisdictions within the country.

21. I consider it a privilege to be able to practice in any court of law within the country. While I understand and appreciate the Court's findings, the issues of not filing the objection to the motion to dismiss in a timely manner was not willful, in bad faith or due to my fault.

22. The late filing of the objection to the motion to dismiss on April 30, 2021 was due to a calendaring mistake.

23. Since the first Order to Show Cause, the undersigned has worked assiduously to uphold the level of professional ethics that are demanded by this Court.

24. The revocation of the pro hac vice status will be extremely harsh and damaging to my reputation and ability to earn a living. It will also greatly interfere with the Plaintiffs' right to counsel of their choice.

25. None of the issues that resulted in the Court's Order to Show Cause were willful or in bad faith.

**DECLARATION OF JOHN SODIPO IN RESPONSE TO ORDER TO SHOW CAUSE**
**7**

26. After the first order to show cause, I engaged the services of an experienced local attorney due to Attorney Onouye's constant travels for work and became familiar with the local rules. Attorney Onouye has had no involvement in the case since Attorney White became involved in the case.

27. The second show cause was due to a technical difficulty that in hindsight should have been explained to the Court within the pleading that was filed.

28. The third show cause for filing the objection to the motion to dismiss late was a calendaring issue that was beyond my control. It is never my intention to be disrespectful to the Court or opposing counsel.

29. The Court ordered Attorneys Onouye and White to file a response to the Order to Show Cause. Attorney White has filed his response, but Attorney Onouye has not filed his response as he is not involved in any of the filings in question. He is also believed to be traveling. We intend to file a motion to remove Attorney Onouye, or he will in turn file his withdrawal from the case.

30. Any form of sanctions will greatly prejudice the Plaintiffs and the Court has an inherent interest in having cases decided on its merits. The Defendants have not been prejudiced in any way by this inadvertent mistake. The deadlines set by the parties will not be affected.

31. I strive to follow the rules of the Court and uphold its integrity. None of the unfortunate acts that has led to the Orders to Show Cause were willful or in bad faith. I apologize for any inconvenience to the Court, its staff and fellow counsel. I attest to the truth of the above statements. I am aware that willfully false statements may result in punishment.

**DECLARATION OF JOHN SODIPO IN RESPONSE TO ORDER TO SHOW CAUSE**
**8**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed May 10, 2021, at Hartford, Connecticut.

                                                          /s/John A. Sodipo

                                                          John A. Sodipo

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2021, a copy of the foregoing Declaration Response to Motion to Show Cause was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

By: /s/John A. Sodipo

John A. Sodipo